him for repayment, or that Shropshire and his wife so. understood. The indebtedness was joint and not several. There is, however, included in this amount of $5778.80 a note of $1000 of Augustus and Alexander C. Shropshire, with interest from December 1, 1877, to January 1, 1881, amounting to $327.83, which should be excluded as individual indebtedness of A. C. Shropshire and not properly chargeable in this account. All equitable considerations are open in such a suit, and we think that the equities require that John Lyle should receive an additional credit of $4450.97. The balance due upon the account stated, corrected in this particular, would be $3356.34.

> *The decree is reversed and the cause remanded, with a direction to enter a decree for the amount of $3356.34 with interest from January 1, 1881.*

JENNINGS *v.* COAL RIDGE IMPROVEMENT AND COAL COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 98.   Argued December 21, 1892. — Decided January 3, 1893.

*Bell's Gap Railroad Co.* v. *Pennsylvania,* 134 U. S. 232, affirmed to the point that a provision in a state law for the assessment of a state tax upon the face value of bonds instead of upon their nominal value violates no provision of the Constitution of the United States.

THE brief of the plaintiff in error stated his case as follows:

"W. W. Jennings is the owner of $20,000 of the registered mortgage bonds of the Coal Ridge Improvement and Coal Company, a Pennsylvania corporation, upon which bonds by the terms thereof, there was due him on the first day of December, 1887, six months' interest amounting to $600. The total issue of bonds secured by the mortgage is $200,000. The company being financially embarrassed was not in funds

to pay the interest maturing December 1, 1887. It made an arrangement with most of its bondholders for an extension of two years. Jennings was asked to agree to this arrangement, but refused, threatening foreclosure unless the interest due him were fully and promptly paid. The company thereupon tendered him $570, being the interest due, less $30, which the treasurer of the company proposed to deduct for state tax alleged to be due, at the rate of three mills per annum upon the nominal or par value of the bond. Jennings agreed to submit to the deduction of a tax based upon the actual value of the bonds, which did not exceed 75 per centum of par, but the treasurer of the company insisting that he was compelled by law to assess them at par, regardless of actual value, refused to make any concession."

" The decision of the trial court being in favor of Jennings, the Coal Ridge Company carried the case to the Supreme Court of Pennsylvania, assigning as error the affirmance of the above and other points by the trial court. The Supreme Court of Pennsylvania reversed the ruling of the trial court and, allowing the tax, reduced the judgment to $570, to correct which action this writ of error was taken."

*Mr. M. E. Olmsted* for plaintiff in error. A brief was also filed in his behalf in *Bell's Gap Railroad Co.* v. *Pennsylvania*, 134 U. S. 232, decided at October Term, 1889.

*Mr. S. P. Wolverton* for defendant in error.

THE CHIEF JUSTICE: The judgment is affirmed on the authority of *Bell's Gap Railroad* v. *Pennsylvania*, 134 U. S. 232.